# In the United States Court of Appeals for the Sixth Circuit

SEDRIC WARD,
PLAINTIFF / APPELLEE,
V.
SHELBY COUNTY, TN,
DEFENDANT/APPELLANT.

On Appeal from the United States District Court for the
Western District of Tennessee, Western Division, No. 2:20-cv-02407
(Hon. Jon P. McCalla)

## SECOND BRIEF OF THE APPELLANT/APPELLEE SEDRIC WARD

THOMAS G. JARRARD
LAW OFFICE OF THOMAS JARRARD, PLLC
1020 N Washington Street
Spokane, WA 99201
(425) 239-7290

ROBERT W. MITCHELL
ATTORNEY AT LAW, PLLC
1020 N. Washington
Spokane, WA 99201
(509) 327-2224

JOHN PAUL SCHNAPPER-CASTERAS
SCHNAPPER-CASTERAS PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 630-3644

*Attorneys for Appellee*

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………….. i

TABLE OF AUTHORITIES…………………………………………. iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT……………………… ix

STATEMENT OF JURISDICTION……………………………………….. 1

STATEMENT OF ISSUES……………………………………………… 2

STATEMENT OF THE CASE……………………………………….. 4

SUMMARY OF ARGUMENT………………………………………… 5

ARGUMENT…………………………………………………………… 6

I.    Ward's appeal No. 25-5663. The district court erred when it Concluded that it lacked jurisdiction to reinstate the prior judgments………………………………………………….. 6

    A. The district court failed to apply the mandate rule…………….. 6

    B. In the alternative, the district court abused its discretion in denying Mr. Ward's motion to reinstate the prior judgments….. 10

        1. The district court abused its discretion because there were no pending issues on appeal………………………………… 11

        2. The district court abused its discretion by relying on dicta…. 13

        3. Mr. Ward had no opportunity to address Shelby County's Unsupported jurisdictional arguments, and the district court abused its discretion by relying on those erroneous facts……………………………………………………… 15

    C. In the interests of judicial efficiency, this Court should reinstate Mr. Ward's prior judgments (RE 190, 191) as originally entered………………………………………… 18

D. In the alternative, this Court should remand with instruction
for the district court to reinstate Mr. Ward's prior judgments...... 20

II. Shelby County's appeal No. 25-5433……………………………….. 22

A. The district court did not abuse its discretion when it
ordered a separate trial pursuant to Rule 42(b)…………………... 22

B. The district court did not err or abuse its discretion when it
held that this Court's remand was limited to the affirmative
defense of USERRA waiver……………………………………….. 26

1. The district court properly held the remand was limited to
the single issue on the merits of Shelby County's USERRA
waiver defense……………………………………………….. 28

2. Shelby County's arguments to the district court regarding
a general remand missed the mark…………………………… 31

C. The district court did not abuse its discretion in determining
that Shelby County bore the burden of proof as to whether
Mr. Ward waived his USERRA rights……………………………... 33

1. Shelby County's tardy attempt to shift the burden of proof........ 34

2. Shelby County's latest argument about its burden of proof
is contrary to what it said in the prior appeal and what it
represented to the district court………………………………… 36

a. Shelby County's argument in the prior appeal……………… 36

b. Shelby County's representations to the district court…........ 38

3. Shelby County's novel argument about Tennessee contract
law was never presented to the district court…………………… 39

4. The district court did not err in overruling Shelby County's
Objections to the jury instructions II(A) (about the burden
of proof) or IV(F) (about USERRA employment rights)……… 41

        a.  Burden of proof and consideration of the evidence,
           (Instruction II. A)…………………………………… 42

        b.  USERRA employment rights (instruction IV(F))……… 43

     5.  The instructions read as a whole are not confusing,
       misleading, or prejudicial………………………………….. 48

III.    Appeal No. 23-5912, the first trial attorney's fees……………….. 50

  A. The judgment is not moot and the *Smith* case does not indicate
     otherwise in Mr. Ward's case………………………………… 50

  B. The judgment is not moot because the case has not been fully
     adjudicated, and Mr. Ward has a concrete interest in the
     outcome of this litigation…………………………………….. 53

    1.  Mr. Ward easily overcomes the mootness test……………. 53

    2.  Shelby County failed to carry the heavy burden of
       demonstrating mootness…………………………………… 51

  C. Shelby County fails to mention its multiple motions to keep its
     attorney fees appeal held in abeyance, and its request to hold
     post-trial briefing deadlines until after the attorney fees appeal
     is decided by this Court……………………………………… 55

  D. This Court should affirm the district court's award of attorney
     and costs because the district court did not abuse its discretion.. 56

CONCLUSION……………………………………………………… 63

CERTIFICATE OF COMPLIANCE…………………………………….64

CERTIFICATE OF SERVICE……………………………………….. 65

ADDENDUM…………………………………………………….. 66

# TABLE OF AUTHORITIES

## CASES

*Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*,
   76 F.3d 743 (6th Cir. 1996) ................................................................23

*Carras v. Williams*,
   807 F.2d 1286 (6th Cir. 1986) ...........................................................53

*Cathey v. Johns-Manville Sales Corp.*,
   776 F.2d 1565 (6th Cir. 1985) ...........................................................26

*Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*,
   263 F.3d 513 (6th Cir. 2001) ....................................................... 13, 53

*Colonial Life Accident Ins., Co. v. Estate of Stewart*,
   819 F. App'x 318 (6th Cir. 2020) ................................................ 40, 57

*Cook v. Rockwell Int'l Corp.*,
   790 F.3d 1088 (10th Cir. 2015) ................................................. 21, 52

*Cranpark, Inc. v. Rogers Grp., Inc.*,
   821 F.3d 723 (6th Cir. 2016) ..............................................................18

*Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*,
   71 F.3d 1197 (6th Cir. 1995) ...................................................... 13, 26

*Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*,
   910 F.3d 270 (6th Cir. 2018) ..............................................................33

*Furman v. Cirrito*,
   782 F.2d 353 (2d Cir. 1986) ....................................................... 51, 52

*Greer v. Miller*,
   483 U.S. 756 (1987) ...........................................................................41

*Hampshire v. Maine*,
   532 U.S. 742 (2001) .................................................................... 37, 55

*Hanover Ins. Co. v. Am. Eng'g Co.*,
   105 F.3d 306 (6th Cir. 1997) .................................................. 8, 27, 32

*Harvey v. Richards*,
   11 F. Cas. 740 (C.C.D. Mass. 1814)...................................................21

*In re Bendectin Litig.*,
   857 F.2d 290 (6th Cir. 1988) ...................................................... 22, 23

*In re Beverly Hills Fire Litig.*,
   695 F.2d 207 (6th Cir. 1982) ....................................................... 23, 24

*In re Smith*,
   876 F.2d 524 (6th Cir. 1989) ..................................................... 2, 50, 51

*J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*,
   936 F.2d 1474 (6th Cir. 1991) .............................................................40

*Jackson v. City of Cookeville*,
   31 F.3d 1354 (6th Cir. 1994) ...............................................................52

*Jones v. Lewis,*
   957 F.2d 260 (6th Cir. 1992) ................................... 6, 7, 10, 11, 14, 26

*Kavorkian v. CSX Transp., Inc.*,
   117 F.3d 953 (6th Cir. 1997) ................................................ 7, 10, 14

*Kindle v. City of Jeffersontown*,
   589 F. App'x 747 (6th Cir. 2014) .............................................. 10, 14

*Koon v. United States*,
   518 U.S. 81 (1996) ...........................................................................10

*Louzon v. Ford Motor Co.*,
   718 F.3d 556 (6th Cir. 2013) ................................................................6

*Manbeck v. Consolidation Coal Co.,*
   884 F.2d 580 (1939).........................................................................14

*McClellan v. Midwest Machining, Inc.*,
   900 F.3d 297 (6th Cir. 2018) ...................................................... 33, 40

*McCombs v. Meijer, Inc.*,
   395 F.3d 346 (6th Cir. 2005) ...............................................................41

*McGhee-Twilley v. Corecivic of Tenn., LLC*,
   2025 U.S. App. LEXIS 14297 (6th Cir. June 9, 2025) .......................53

*McPherson v. Mich. High Sch. Athletic Ass'n.*,
   119 F.3d 453 (6th Cir. 1997) ...............................................................54

*Monroe v. FTS USA, LLC*,
   17 F.4th 664 (6th Cir. 2021) ....................................................... 54, 61

*Morganroth & Morganroth v. DeLorean*,
   123 F.3d 374 (6th Cir. 1997) ...............................................................33

*Nat'l Ecological Found. v. Alexander,*
   496 F.3d 466 (6th Cir. 2007) ...................................................... 13, 33

*Patton v. Fitzhugh,*
   131 F.4th 383 (6th Cir. 2025) ....................................................... 53, 54

*Perkins v. Am. Elec. Power Fuel Supply, Inc*.,
   91 F. App'x 370 (6th Cir. 2004) ..........................................................27

*Pierce v. Atchison Topeka & Santa Fe Ry. Co*.,
   110 F.3d 431 (7th Cir. 1997) ...............................................................34

*Pittington v. Great Smoky Mt. Lumberjack Feud, LLC*,
   880 F.3d 791 (6th Cir. 2018) .................................................................6

*Preterm-Cleveland v. McCloud*,
   994 F.3d 512 (6th Cir. 2021) ...............................................................13

*Pritchard v. Liggett & Myers Tobacco Co.,*
   370 F.2d 95 (3d Cir. 1966) ...................................................................21

*Quern v. Jordan,*
   440 U.S. 332 (1979) ..........................................................................6, 7

*Rembert v. A Plus Home Health Care Agency LLC*,
   986 F.3d 613 (6th Cir. 2021) ...............................................................56

*Richmond Health Facilities v. Nichols*,
   811 F.3d 192 (6th Cir. 2016) ...............................................................13

*Rodriguez v. Passinault*,
   637 F.3d 675 (6th Cir. 2011) ...............................................................11

*Sands v. Wagner*,
   2007 U.S. Dist. LEXIS 74975 (M.D. Pa. Oct. 9, 2007) .....................20

*Saxion v. Titan-C-Manufacturing*,
   86 F.3d 553 (6th Cir. 1996) ............................................................ 23, 25

*Scott v. Churchill*,
   377 F.3d 565 (6th Cir. 2004) .......................................................... 27, 32

*Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.,*
   782 F.3d 712 (6th Cir. 2015) ...............................................................12

*Sprague v. Ticonic National Bank*,
   307 U.S. 161 (1939) .............................................................................14

*Stevens v. Tenn. Valley Auth.*,
   699 F.2d 314 (6th Cir. 1983) ...............................................................44

*Szekeres v. CSX Transp., Inc.*,
   731 F.3d 592 (6th Cir. 2013) ..................................................... 18, 20, 25

*United States v. Baxter*,
1991 U.S. App. LEXIS 24858 (6th Cir. Oct. 15, 1991) .................................8, 10

*United States v. Campbell*,
168 F.3d 263 (6th Cir. 1999) ................................................ 27, 32, 33

*United States v. Ford*,
872 F.2d 1231 (6th Cir. 1989) ...........................................................42

*United States v. Hicks*,
146 F.3d 1198 (10th Cir. 1998) .........................................................21

*United States v. Humphrey*,
279 F.3d 372 (6th Cir. 2002) ...........................................................33

*United States v. Hunter*,
646 F.3d 372 (6th Cir. 2011) ...........................................................26

*United States v. White*,
492 F.3d 380 (6th Cir. 2007) ..................................................... 10, 18

*Ward v. Shelby Cty.*,
98 F.4th 688 (6th Cir. 2024) ................................................... *passim*

*Ward v. Shelby Cty.*,
2025 U.S. App. LEXIS 28135 (6th Cir. Oct. 27, 2025) ......................................12

*Watkins v. Healy*,
986 F.3d 648 (6th Cir. 2021) ...........................................................25

*Williams v. Eau Claire Pub. Sch.*,
397 F.3d 441 (6th Cir. 2005) ...........................................................41

*Wilson v. Morgan*,
477 F.3d 326 (6th Cir. 2007) ...........................................................23

*Wright v. Spaulding*,
939 F.3d 695 (6th Cir. 2019) ...........................................................13

*Wysocki v. IBM*,
607 F.3d 1102 (6th Cir. 2010) ................................................ 35, 38, 41

<u>STATUTES</u>

28 U.S.C. § 1961 ..............................................................................20

38 U.S.C. § 4302 ......................................................... 28, 41, 44, 47

38 U.S.C. § 4312 ..................................................................47

38 U.S.C. § 4323 ............................................................ 54, 61

OTHER AUTHORITIES

James Wm. Moore, Moore's Federal Practice (2d ed. 1996)...................................27

Black's Law Dictionary (10th ed. 2014) ................................................................13

Fed. R. App. P. 4 Advisory Committee Notes (1993 Amendment) .......................12

H.R. Rep. No. 103-65, pt. 1, at 39 (1993)
   *as reprinted in* 1994 U.S.C.C.A.N. 2449, 2472 ....................................................44

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Mr. Ward agrees with Shelby County's request for oral argument under Fed. R. App. P. 34, to aid in the decisional process.

# STATEMENT OF JURISDICTION

Mr. Ward agrees with Shelby County's statement of jurisdiction.

# STATEMENT OF ISSUES

1.  Mr. Ward's appeal No. 25-5663: Whether the district court erred in denying Mr. Ward's motion to reinstate the jury verdict (dated April 14, 2022), or in the alternative, to amend the judgment (filed June 5, 2024)?

2.  Mr. Ward's appeal No. 25-5663: Whether the district court abused its discretion in finding it did not have jurisdiction to reinstate the original verdicts or judgment?

3.  Shelby County's appeal No. 25-5433: Whether the district Court abused its discretion in granting Mr. Ward's Fed. R. Civ. P. 42(b) motion for a separate trial?

4.  Shelby County's appeal No. 25-5433: Whether the district court erred in determining that the burden of proof did not shift to Mr. Ward on the issue of whether he waived his USERRA rights?

5.  Shelby County's appeal No. 25-5433: Whether the district court abused its discretion in including Jury Instructions II(A) (burden of proof) or IV(F) (USERRA employment rights)?

6.  Shelby County's appeal No. 23-5912: Whether the appeal of the first trial award of attorney fees is moot in light of *In re Smith*, 876 F.2d 524, 527 (6th Cir. 1989)?

7.     Shelby County's appeal No. 23-5912:  Whether the district court abused

its discretion is awarding Mr. Ward's attorney fees and costs in the first trial?

## STATEMENT OF THE CASE

Shelby County appropriately summarizes the procedural posture of these appeals, but omits certain facts that explain the district court's individual rulings. The additional facts that are relevant to these appeals are detailed within the respective arguments below.

## SUMMARY OF THE ARGUMENT

Shelby County's appeals largely turn on a single premise: that this Court's prior decision in *Ward v. Shelby Cty.,* 98 F.4th 688 (6th Cir. 2024) (hereinafter "*Ward I*") silently stripped the district court of authority to address Mr. Ward's remedies and fees after remand. That premise is wrong. Under the mandate rule, the district court was free to resolve issues this Court did not decide expressly or by necessary implication—and nothing in *Ward I* foreclosed damages, reinstatement, injunctive relief, or fees.

This brief proceeds in three parts. Part I explains how the district court erred when it incorrectly concluded that it did not have jurisdiction to amend or reinstate Mr. Ward's prior judgments. Part II addresses Shelby County's challenges to the district court's rulings on the scope of remand and shows the district court did not abuse its discretion on the challenged evidentiary rulings. Part III explains why the fee award from the first trial is not moot: Mr. Ward remains the prevailing party, and the district court's reasoned lodestar findings easily fall within its discretion.

In sum, Mr. Ward prays that this Court will: (1) reverse the district court's order denying Ward's Motion to reinstate his prior judgements (No. 25-5663); (2) affirm the district court's judgment following the second trial (No. 25-5433); and (3) affirm the award of attorney fees from the first trial (No. 23-5912).

## ARGUMENT

**I.** **Ward's appeal No. 25-5663. The district court erred when it concluded that it lacked jurisdiction to a reinstate the prior judgments.**

This Court reviews a district court's denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion. *Pittington v. Great Smoky Mt. Lumberjack Feud, LLC*, 880 F.3d 791, 798-99 (6th Cir. 2018) (citation omitted). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013) (quotation omitted)).

This Court will "review de novo any legal conclusions the district court reached in the course of assessing a motion under Rule 59." *Pittington*, 880 F.3d at 798-99 (citation omitted). Here, de novo review applies because the district court determined as a matter of law that it lacked jurisdiction to reinstate or amend Mr. Ward's prior verdicts and judgments.

### A. The district court failed to apply the mandate rule.

It is well established law that "while a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." *Quern v. Jordan,* 440 U.S. 332, 347 n.18 (1979) (quotation omitted) (citation omitted). This is known as the "mandate rule." *See also Jones v. Lewis,* 957 F.2d 260, 262 (6th Cir. 1992) (under the "mandate rule," a district court on remand "may consider those

6

issues not decided expressly or impliedly by the appellate court"), *cert. denied,* 121 L. Ed. 2d 80 (1992). On remand, "the trial court is free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Kavorkian v. CSX Transp., Inc.,* 117 F.3d 953, 958-59 (6th Cir. 1997) (citation omitted).

Here, the district court committed an error of judgment by either misapplying or failing to apply this well settled legal standard in reaching its conclusion regarding its jurisdiction to reinstate or amend the prior judgments. The district court had jurisdiction to reinstate the verdicts on liability, damages, and willfulness, because those matters were "not decided 'expressly or impliedly by" this Court. *Id.*

In *Kavorkian* this Court addressed a procedurally similar case of a remand that was silent as to several issues including damages. *Ibid.* On appeal CSX argued that the district court was precluded from re-trying the issue of damages because the mandate in the first appeal ordered "a new trial as to the issue of liability." *Id.* CSX argued further that "the mandate's silence with respect to damages meant that [the Court of Appeals] ordered the district court on remand to try only the issue of liability." *Id.* This Court flatly rejected the assertion:

> Not so. Under the doctrine of law of the case -- and the specific application of that doctrine, the rule of mandate, at issue here -- the trial court is free to consider any issues not decided "expressly or impliedly by the appellate court." *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992); *see Quern v. Jordan*, 440 U.S. 332, 347 n.18, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979) (same rule with respect to mandates from the Supreme Court to the court of appeals).

> The rule of mandate is "limited to those issues that were necessarily decided in the earlier appeal." *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997); . . . . Thus, CSX's reliance on the silence in our earlier mandate is unavailing. Our remand for a new trial rendered it unnecessary for us to consider the issue of damages, **and the failure of the mandate to discuss the issue of damages meant that the district court was free to submit that issue to the jury.**

*Id.* (emphasis added).

Likewise, in *United States v. Baxter*, No. 91-5172, 1991 U.S. App. LEXIS 24858, at *3-4 (6th Cir. Oct. 15, 1991), this Court reviewed the scope of its remand order to the district court. This Court recited the standard directive that, "the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal." *Id.* As applied to the context of criminal law, *Baxter* concluded that "[a]lthough we [previously] remanded specifically for consideration of the exigent circumstance question, it was within the district court's discretion to consider the search incident to arrest exception as well." *Id.*

The issues ***not*** decided expressly or impliedly by this Court were "liability, damages, and willfulness" because "the Sixth Circuit did not dispose of the remaining four issues on appeal." Separate Trial Order, RE 219 at PageID 3405; Order Denying Reinstatement, RE 282 at PageID 4044) (citation omitted). Shelby County acknowledges that the Order on the prior appeal from this Court made no

mention of liability, damages, and willfulness whatsoever. Response to Reinstate, RE 272 at PageID 3920 (emphasis added). Yet, these are exactly the verdicts and judgments that Mr. Ward requested the district court reinstate: "Before the Court is Plaintiff Sedric Ward's […] Motion to Reinstate Jury Verdict Dated April 14, 2022, or in the Alternative, To Amend the Judgment, filed June 5, 2024. Plaintiff moves the Court to reinstate the original jury's verdict, and the Court's prior judgments." Order Denying Reinstatement, RE 282 at PageID 4041 (internal citation omitted).

Instead of addressing the issues of liability, damages, and willfulness that this Court left untouched, the district court held that because the remand was limited to the waiver issue, it did not have jurisdiction to address matters that were (by both the parties and the court) admittedly, not decided expressly or impliedly in this Court's Mandate.

> [The] Sixth Circuit issued a limited remand only on the issue of waiver. As a result, the Sixth Circuit did not dispose of the remaining four issues on appeal, "which remain pending after the resolution of the waiver issue." *See Ward*, 98 F.4th at 693 (Clay, J., dissenting). Because the pending issues on appeal directly relate to Defendant's liability and Plaintiff's damages, see ECF No. 8, 22-6054 (6th Cir.)), **the Court does not have jurisdiction to reinstate its previous verdict and judgments**.

Order Denying Reinstatement, RE 282 at PageID 4044 (emphasis added). The district court's order is the exact opposite of what the law provides on remand

because "the trial court is free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Kavorkian*, 117 F.3d at 958-59.

The issues of liability, damages, and willfulness were before this Court in the prior appeal, and not addressed, thus, on remand they were *not* decided expressly or impliedly by this Court. The district court failed to appreciate that liability, damages, and willfulness were not referenced in, nor related to, the outcome of the first appeal. *See Ward I,* 98 F.4th at 693. Thus, just like *Kavorkian, Baxter* and *Jones*, *supra*, on remand "the trial court is free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Kavorkian*, 117 F.3d at 958-59 (quoting *Jones*, 957 F.2d at 262). The district court erred because it had jurisdiction to, and should have reinstated, Mr. Ward's prior judgments.

**B.     In the alternative, the district court abused its discretion in denying Mr. Ward's motion to reinstate the prior judgments.**

An error of law is by definition an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996). "The district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007). Additionally, district courts have jurisdiction to carry out any action not inconsistent with the mandate and are "free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Kindle v. City of Jeffersontown*, 589 F. App'x 747, 753 (6th Cir. 2014). In the alternative, the district court abused its discretion when it

determined this Court's remand was limited to the issue of USERRA waiver, but then misapplied, or failed to apply, the correct legal standard in reaching its conclusion that it lacked jurisdiction to reinstate or amend the prior judgments. *Id.*

### 1. The district court abused its discretion because there were no pending issues on appeal.

The district court held that it lacked jurisdiction to reinstate the prior verdicts or judgments because the issues of liability, damages and willfulness remained ***pending*** on appeal in this Court. Order Denying Reinstatement, RE 282 at PageID 4044. However, there were ***no*** "*pending issues on appeal*" after this Court issued its mandate. *Ward I*, 98 F.4th at 693 ("The district court's judgment is vacated, and the case is remanded for proceedings consistent with this opinion.").

**First**, the prior appeal (Dkt. 22-6054) was not still pending. The Sixth Circuit Internal Operating Procedure 41 provides that the mandate **"is the document by which this court relinquishes jurisdiction** and authorizes the originating district court . . . to enforce the judgment of this court."** *Rodriguez v. Passinault*, 637 F.3d 675, 679 n.3 (6th Cir. 2011) (emphasis added). By issuing the mandate, this Court relinquished its jurisdiction to the district court to carry out its order, and the district court was equally free to address any of the issues not decided "expressly or impliedly" by this Court in the prior appeal, *i.e.*, reinstating the prior verdicts regarding liability, damages, and willfulness. *See Jones v. Lewis*, 957 F.2d at 262.

Therefore, the district court abused its discretion by failing to apply these basic legal standards.

**Second**, Shelby County's appeal of the first trial attorney fees (Dkt. No 23-5912) is unrelated to liability or damages and has been held in abeyance for the last three years at the request of Shelby County, until the resolution of the merits below.

**Third**, Shelby County's appeal of the second trial judgment (Dkt. 25-5443) regarding the USERRA waiver defense (unrelated to judgments on liability and damages) was premature and ineffective because the district court had not yet ruled on Mr. Ward's Rule 59(e) motion (which was still undecided when a notice of appeal from that second trial was filed). "As the [] advisory committee notes explain, a notice of appeal filed 'after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.'" *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.,* 782 F.3d 712, 716 (6th Cir. 2015) (citing Fed. R. App. P. 4 Advisory Committee Notes (1993 Amendment)). "In sum, because the district court ha[d] not ruled on" Mr. Ward's "post-judgment motion, [this Court] lack[ed] jurisdiction" until it was ruled upon. *Id.* at 717 – 718. *See also Ward v. Shelby Cty.,* No. 25-5433, 2025 U.S. App. LEXIS 28135 (6th Cir. Oct. 27, 2025); *compare* NOA dated 5/7/2025, RE 278 *and* Motion to Reinstate dated 2/14/2025 RE 268 *and* Order Denying Motion to Reinstate dated 7/21/2025, RE 282. Accordingly,

when the district court entered its order denying Mr. Ward's motion to reinstate/amend judgment, there were **no** "***pending issues on appeal***" in this Court.

For these same reasons, the district court's reliance on *Fort Gratiot,* 71 F.3d 1197 at 1203, for the proposition "that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case" was also misplaced. *See* Order Denying Reinstatement, RE 282 at PageID 4044. Shelby County's premature notice of appeal had no effect on the district court's jurisdiction. The district court committed a clear error of law by failing to apply the proper legal standard and recognize that it indeed had jurisdiction to decide the Motion to Reinstate the original judgments in Mr. Ward's favor, *i.e.,* the issues not decided expressly or impliedly by this Court in the prior appeal.

## 2.    The district court abused its discretion by relying on dicta.

To the extent the district court relied upon benign language from the dissent in *Ward I* (to conclude that it lacked jurisdiction to rule on reinstating the prior judgments), that too was an abuse of discretion because a dissent is not the law of the case, it constitutes dicta. *See Preterm-Cleveland v. McCloud*, 994 F.3d 512, 531 (6th Cir. 2021); *see also Richmond Health Facilities v. Nichols*, 811 F.3d 192, 201 n.8 (6th Cir. 2016) (quoting Black's Law Dictionary, 10th ed. 2014, for the definition of dicta). Further, "only *holdings* are binding, not *dicta*." *Wright v. Spaulding*, 939

F.3d 695, 700 (6th Cir. 2019) (emphasis original). Moreover, Judge Clay's dissent itself does not declare that matters remained pending before this Court:

> As to the remaining motions on appeal, **which remain pending after resolution of the waiver issue**, I would conclude that the district court correctly affirmed the jury's verdict and damages award. I would therefore affirm the district court's judgment in its entirety.

*Ward I*, 98 F.4th at 699 (Clay, J., dissenting) (emphasis added). This passage did not create a special jurisdictional placeholder in contravention of the mandate rule.

Rather, well-settled law regarding application of the mandate rule still applies: "[w]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues" and "free to consider any issues not decided 'expressly or impliedly by the appellate court.'" *Manbeck v. Consolidation Coal Co.,* 884 F.2d 580, 580 (1939) (*citing Sprague v. Ticonic National Bank*, 307 U.S. 161, 168 (1939)); *Kindle v*, 589 F. App'x at 753 (*citing Kavorkian, Inc.*, 117 F.3d at 958-59 (*quoting Jones*, 957 F.2d at 262). When viewed in this light, Judge Clay simply acknowledged that this Court's order did not *expressly or impliedly* decide the other issues on appeal, and that if this Court had attempted to resolve those issues, he would have affirmed the judgment as to those issues.

Because this Court's remand vacated the previous judgments (RE 190 and 191), Mr. Ward's only alternative was to timely seek a motion to reinstate those judgments. Mr. Ward relied upon this Court's long-standing mandate rule when he

moved the district court to reinstate the previous judgments after he prevailed at the second jury trial. Motion, RE 268. The district court disregarded this Court's long-standing precedent and ruled that the district court lacked jurisdiction to reinstate. That was clear error and contradicted the well-established mandate rule.

### 3. Mr. Ward had no opportunity to address Shelby County's unsupported jurisdictional arguments, and the district court abused its discretion by relying on those erroneous facts.

Shelby County's jurisdictional arguments first arose in the district court in response to Mr. Ward's motion to reinstate. Resp. RE 272 at PageID 3922–3926. For example:

> Plaintiff, now argues the exact opposite of his earlier position and brings the instant Motion to reinstate the jury's verdict from the original trial. (Response Brief, RE 272 at PageID 3921);

> Plaintiff has outright stated that the issues of remittitur of the Original Verdict remain active before the Sixth Circuit given (what they claim is) the limited nature of the appellate court's remand. (*Id.* at 3922).

> Plaintiff should not be allowed to now claim that the Original Verdict—previously (to Plaintiff's way of thinking) within the exclusive jurisdiction of the Sixth Circuit—has somehow become fair game for reinstatement by the Court. (*Id.* at 3922).

> Indeed, Plaintiff's assertion that the Court can and should reinstate the Original Verdict is in direct contradiction to their earlier position, in the Motion to Sever, that the Court only had jurisdiction to consider the affirmative defense of waiver. (*Id.* at 3923).

Mr. Ward would usually have addressed those unsupported arguments; however, he had no reasonable opportunity to do so. As this Court has recognized, the "Western District of Tennessee Local Rule 7.2 does not provide for a reply brief when filing motions in civil cases." *Nat'l Ecological Found. v. Alexander,* 496 F.3d 466, 477 (6th Cir. 2007). Further, in Judge McCalla's court, reply briefs are not allowed. "Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56." Scheduling Order, RE 21 at PageID108; *see also* Local Rule 7.2(c).

Further, none of the above statements are true or have any support in the record because Mr. Ward never made any assertions regarding the jurisdiction of district court. *See* Motion to Separate Trial, RE 213; Hearing Trans., June 11, 2024, RE 274; Motion to Reinstate Jury Verdict, RE 268. Quite the opposite, Mr. Ward has repeatedly maintained that as soon as the issue of waiver was resolved, he would seek to have the prior judgments reinstated.

> For example, if Mr. Ward prevails in a one-day trial on the single issue of a waiver of USERRA rights, then the jury verdict on liability and damages and this Court's post-trial judgments may be entered again without re-trying the entire case. (Motion for Separate Trial, RE 213, at PageID 3378); and at hearing,
>
> By Plaintiff's Counsel: On the flip side, if Mr. Ward prevails on that issue or that single issue, then, certainly, the Court could reinstate its previous judgment. And then, of course, we would have additional post trial

motion practice, and one of the parties clearly is going to end up appealing back those two judgments and we'll be back before the same Sixth Circuit panel again where, currently, we have defense appeal of the attorney's fees from the original case, you know moved to set that in abeyance until this is resolved. (Motion Hearing June 11, 2024, RE 274 at Page ID 3953 ln. 5–13).

By Shelby County: They're saying if they prevail on that, the old judgment is reinstated. (*Id.* at Page ID 3954 ln 19 – 20).

By Plaintiff's Counsel: That does not mean, however, and it does not mean that it would be a violation of the mandate for this Court to go and have the trial on the waiver – single waiver issue alone and then to reconstitute or reenter judgment based upon the prior jury's verdict. (*Id.* at PageID 3961 ln 4 – 8).

The question is what happens to the old verdict. Well, it's undone at this time. If we get through this what I'm going to call mini trial -- I know it's not a mini trial. If we get through the trial on waiver, if the plaintiff fails to prevail and Shelby County wins on their affirmative defense, then the case is over. There's nothing left.

If the plaintiff prevails on the issue of – the single issue of waiver, then we will have post trial motion practice. We will seek to reinstate the previous verdict. Somebody is going to appeal and we'll be back before the panel in the Sixth Circuit and we would have saved a jury an entire week to get there.

The Court, I doubt, is going to find that there was an error if we had a single trial on the waiver issue and then entered judgments following that in post trial motion practice. (*Id.* at PageID 3961 ln 20–3962 ln 11).

Nonetheless, Shelby County later argued that Mr. Ward had previously asserted that the district court did not have jurisdiction over matters not addressed in the prior appeal. Resp. RE 272. That never occurred. *Id.* In any event, to the extent that the district court found these baseless assertions persuasive, it abused its discretion. *See United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007) ("The district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law."

### C. In the interests of judicial efficiency, this Court should reinstate Mr. Ward's prior judgments (RE 190, 191) as originally entered.

This Court has the authority to decide a motion to reinstate an original jury verdicts or judgments which were properly entered. *See Cranpark, Inc. v. Rogers Grp., Inc.,* 821 F.3d 723, 737 (6th Cir. 2016) (Rule 50 motion, "[i]n the interest of judicial efficiency, we will deny the motion here.") (citing *Szekeres v. CSX Transp., Inc.*, 731 F.3d 592, 603-604 (6th Cir. 2013) (Rule 59(a) motion, "[i]n such circumstances, we also have the authority to reinstate the verdict of the jury.")).

In *Szekeres*, the plaintiff asked this Court to rule on the Defendant's Rule 59(a) motion on appeal "in the interest of judicial economy and to prevent another trial and potential appeal." 731 F.3d, at 603-604. The defendant asked this Court to remand the case to the district court to make the initial ruling on the motion. *Id*. This Court recognized that, "it is within the appellate court's

discretion to determine whether the case should be sent back" or "rule on the motion." *Id.* This Court recognized that, "[i]n a day of trial court congestion and repetitive pleas for judicial efficiency, it would be absurd to hold that we may not grant similar relief because of the error of the district judge." *Id.* at 604 (collecting citations from other circuits). This Court then reviewed "whether it should remand [the] case or address the motion for a new trial at this time." After reviewing the Defendant's motion, this Court concluded that there was no basis to grant it, denied the same, and ordered "the district Court to reinstate the jury verdict." *Id.*

Here, the judgments from the first trial were not *reversed* on appeal, only *vacated* with instructions that a jury must decide the waiver issue. *Ward I*, 98 F.4th at 693 ("The district court's judgment is vacated, and the case is remanded for proceedings consistent with this opinion."). Although Shelby County raised numerous claims of error in its appeal of the first trial, this Court's order made no mention of those issues. Certainly, if this Court had identified any such errors affecting the first appeal, those errors would have been addressed. They were not. *Id.*

Accordingly, if this Court agrees that the district court erred by denying Mr. Ward's motion to reinstate (after he prevailed at a second jury trial), then this Court can alleviate the need for further litigation and wasteful appeals by reinstating those

verdicts and judgments "in the interest of judicial economy and to prevent another trial and potential appeal." *Szekeres*, 731 F.3d, at 604. Conversely, even if this Court does *not* agree that the district court erred by denying Mr. Ward's Motion to Reinstate his prior judgments, this Court should still reinstate those verdicts and judgments in the interest of judicial economy and to prevent yet another trial and potential appeal. *Id.*

In either event, the district court's judgments (RE 190, 191) were entered on October 31, 2022, including prejudgment interest through that date. Thus, any entry date after October 31, 2022, would significantly prejudice Mr. Ward by denying him years of post-judgment interest under 28 U.S.C. § 1961, and worse, force the district court to go back and recalculate prejudgment interest. Further, due to the retirement of Judge McCalla, Mr. Ward's case was reassigned to a new judge during the pendency of these appeals. The new judge has no first-hand involvement in either of the trials or prior judgments. Thus, to avoid further needless litigation, those judgments should be reinstated effective October 31, 2022.

**D.    In the alternative, this Court should remand with instruction for the district court to reinstate Mr. Ward's prior judgments.**

Although the procedural history of this case is unique, there is a substantial body of case law controlling the disposition of a motion to reinstate prior judgments after remand. *See e.g., Sands v. Wagner*, No. 4:01-CV-1475, 2007 U.S. Dist. LEXIS 74975, at *4-6 (M.D. Pa. Oct. 9, 2007). Further, issues which are properly decided

by a jury are not to be relitigated upon the grant of a new trial on other issues improperly decided. *See Pritchard v. Liggett & Myers Tobacco Co.,* 370 F.2d 95, 95-96 (3d Cir. 1966) ("Since the issue of causation was decided by the jury in the earlier trial, the plaintiff may not be required to relitigate the same issue when the action is retried."). *See, e.g., United States v. Hicks*, 146 F.3d 1198, 1200-01 (10th Cir. 1998) (affirming district court's entry of judgment on unaffected counts after remand without necessity of new trial); *see also Harvey v. Richards*, 11 F. Cas. 740, 745, F. Cas. No. 6182 (C.C.D. Mass. 1814) (Story, J.) ("At common law, if a plaintiff obtains a judgment in an inferior tribunal, which is reversed in the appellate court, it is very clear, that the reversal operates no further, than to nullify the original judgment."). As discussed persuasively by the Tenth Circuit:

> After a court of appeals vacates a judgment a district court on remand often will enter a new judgment in the same party's favor on the existing record if one can be had unaffected by the error found in the appeal. . . . . That's what happens all the time after an appellate court reverses a judgment following a jury trial because of an error affecting one claim but not others and the district court proceeds to fashion a new judgment using only the portions of the existing verdict unaffected by that error.

*Cook v. Rockwell Int'l Corp.,* 790 F.3d 1088, 1102 (10th Cir. 2015).

Here, the same situation applies. In its remand, this Court made no mention of the veracity of the jury's verdict. In fact, the remand contemplated one thing: a jury trial on Shelby County's sole affirmative defense of USERRA

waiver. That has now occurred and the error which precipitated the second trial has now been cured. There are no outstanding errors or issues to be decided with regard to Shelby County's liability or Mr. Ward's damages. Those judgments should be reinstated not only to advance judicial efficiency, but further expedite a fair resolution to the parties in this case, as discussed above.

## II.     Shelby County's appeal No. 25-5433

### A.     The district court did not abuse its discretion when it ordered a separate trial pursuant to Rule 42(b).

Shelby County argues that the district court erred in treating the remand from Case No. 22-6054 as a limited remand. First Brief § II at 24. However, the order at issue in this appeal is the order granting Mr. Ward's Fed. R. Civ. P. 42(b) Motion to Separate Trial. Order, Granting Plaintiff's Motion for a Separate Trial, RE 219; First Brief § II at 18, 25, and 27. Shelby County devotes significant argument to distinguish *limited* versus *general* remands. Those arguments are separately addressed below. However, regardless of whether this Court's decision in *Ward I* was a general or limited remand, the district court still properly separated the trial to the single issue of the USERRA waiver question, pursuant to its sound discretion under Rule 42(b).

This Court reviews a decision to bifurcate trial for abuse of discretion. *In re Bendectin Litig*., 857 F.2d 290, 307 (6th Cir. 1988). Rule 42(b) authorizes the district court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite or

economize…" Fed. R. Civ. P. 42(b). "The decision whether to try issues separately is within the sound discretion of the court . . . . It follows, therefore, that a decision to try an issue separately will be affirmed unless the potential for prejudice to the parties is such as to clearly demonstrate an abuse of discretion." *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996).

"In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (citation omitted). "Only one of these criteria need be met to justify separation." *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996). "The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F. 2d at 307. As with other circuits, the Sixth Circuit has long "**recognized whether resolution of a single issue would likely be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation**." *In re Beverly Hills Fire Litig.,* 695 F.2d 207, 216 (6th Cir. 1982) (emphasis added).

Here, the district court properly identified the sole issue to be resolved following the remand, "[t]he Sixth Circuit only discussed the defense of waiver in the current case, and it only identified one issue of fact related to this defense for a

jury to decide." Order, RE 219 at PageID 3404 (citing *Ward I*, 98 F.4th at 693). In other words, "[t]he issue whether Ward believed benefits from the settlement agreement outweighed his USERRA claim is therefore one for a jury to decide." *Id.* Resolution of that discrete issue was unquestionably outcome-determinative of all of Mr. Ward's claims. Put simply, and as argued to the district court, if Shelby County prevailed on their affirmative defense of a USERRA waiver, then Mr. Ward would have had no USERRA claims to pursue, and his prevailing USERRA claims on liability, damages and willfulness would become moot. Conversely, if Shelby County failed to prove that Mr. Ward believed the benefits of the settlement agreement outweighed his USERRA claim, then Mr. Ward's favorable judgments on his USERRA claims on liability, damages and willfulness should be reinstated. Motion for Separate Trial, RE 213 at PageID 3378; Motion Hearing June 11, 2024, RE 274, Page ID 3953 ln. 5–13. Separating the second trial to that single issue was entirely appropriate. *See In re Beverly Hills Fire Litig.,* 695 F.2d at 216.

On the other hand, and as discussed below, Shelby County relied upon only two arguments in opposition to the Motion to Separate: (1) that in "the absence of an explicit limitation, the remand order is presumptively a general one."; and (2) "that the absence of any Sixth Circuit ruling on other issues does not itself limit the scope of remand." Separate Trial Order, RE 219 at PageID 3404 (*citing* Response Br. 215 at PageID 3387–3388). Neither of these arguments address the propriety of

separating the trial into a single issue under Rule 42(b), nor on this appeal, whether the district court abused its discretion. Further, Shelby County forfeited any challenge it had to a separate trial under Rule 42(b) when it failed to raise any question with regard to "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Saxion*, 86 F.3d at 556. In fact, Shelby County's current appeal completely fails to address the district court's order on the motion for a separate trial. First Brief at 9, 20–21.

Mr. Ward presented the district court with a thorough analysis of each criterion for consideration under Rule 42(b) directly in his Motion to Separate the Trial. Motion to Separate Trial, RE 213 at Page ID 3376–3380. Only one of those criteria was needed to justify separation, Mr. Ward nonetheless addressed them all. *See Saxion v.*, 86 F.3d at 556. Accordingly, the district court was operating well within its sound discretion and correctly held that: "To the extent that a 'separate trial' under [] 42(b) would limit the scope thereof to this one defense, Ward's request for a separate trial is **GRANTED**." Separate Trial Order, RE 219 at PageID 3405.

Similarly, Shelby County's arguments to the district court for Judgment as a Matter of Law[1], or in the alternative a New Trial based upon the remand issue fared

---

[1] Shelby County does not assign any error with regard to the sufficiency of the evidence as required to appeal the denial of a Rule 50(b) motion for judgment as a matter of law. *Szekeres,* 731 F.3d at 597. Accordingly, those claims are forfeited on appeal. *See Watkins v. Healy*, 986 F.3d 648, 667 (6th Cir. 2021).

no better. Response Br., RE 273-1 at PageID 3939–40. This Court will "review the denial of a new trial for an abuse of discretion." *Cathey v. Johns-Manville Sales Corp.*, 776 F.2d 1565, 1572-73 (6th Cir. 1985). In short, Shelby County presented the district court with no substantive argument in seeking a new trial. Response Br., RE 273-1 at PageID 3939. Therein, Shelby County never argued that it had been prejudiced, rather, it simply recycled its old arguments by reference. *See* Order Denying JMOL, RE 277 at PageID 4027–29 (citing Response Br., RE 273-1 at PageID 3939–40) ("Defendant incorporates the same arguments from its Response to Motion for Separate Trial."). The district court did not abuse its discretion either when it granted Mr. Ward's Motion for a Separate Trial, nor when it denied Shelby County's Motion for a New Trial.

### B. The district court did not err or abuse its discretion when it held that this Court's remand was limited to the affirmative defense of USERRA waiver.

This Court reviews the scope of a remand de novo. *United States v. Hunter*, 646 F.3d 372, 374 (6th Cir. 2011). "The customary procedure on remand creates a duty on the part of lower courts, which obtain jurisdiction after receiving the mandate of an appellate court, to obey the terms of the mandate and to carry it into effect." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res.*, 71 F.3d 1197, 1202 (6th Cir. 1995) (citation omitted). This is known as the "mandate rule." *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992). "In essence, the mandate

rule is a specific application of the law-of-the-case doctrine." *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004) (citation omitted). Application of this doctrine is "limited to those questions necessarily decided in the earlier appeal." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). "[T]he phrase 'necessarily decided' . . . describes all issues that were 'fully briefed and squarely decided' in an earlier appeal." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F. App'x 370, 374 (6th Cir. 2004) (*quoting* 1B James Wm. Moore, Moore's Federal Practice ¶ 0.404[1], at II-5 (2d ed. 1996)).

Remands "can be either general or limited in scope." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).

> Limited remands explicitly outline the issues to be addressed by the District Court and create a narrow framework within which the District Court must operate... General remands, in contrast, give the District Court authority to address all matters as long as remaining consistent with the remand.

*Id*. "The scope of a remand is determined by examining the entire order or opinion, to determine whether and how the court of appeals intended to limit a remand." *Scott,* 377 F.3d at 570. "The first question the district court faces when confronted with a remanded case is that of determining what part of this court's mandate is intended to define the scope of any subsequent proceedings." *Campbell*, 168 F.3d at 266. "The relevant language could appear anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language. It is

important to note, however, that individual paragraphs and sentences must not be read out of context." *Id.* at 266-67.

> 1. **The district court properly held the remand was limited to the single issue on the merits of Shelby County's USERRA waiver defense.**

Here, this Court's *Ward I* decision discusses and directs only one thing for the district court to address: "The issue whether Ward believed benefits from the settlement agreement outweighed his USERRA claim is therefore one for a jury to decide." 98 F.4th at 693. Nothing in this Court's opinion even remotely hints at directing the district court to retry the issues of liability, damages and willfulness. Instead, the entire opinion deals only with the single issue of Shelby County's USERRA waiver defense and directs proceedings consistent with the opinion. To wit:

> Thus, whether a particular settlement agreement provides greater benefits than a USERRA claim is for the servicemember to decide. To satisfy § 4302(a), however, the servicemember must make a considered judgment that the agreement is more beneficial to him than his USERRA claim is. Of course—absent "evidence of mistake, incapacity, fraud, misrepresentation, unconscionability, or duress[,]" *Wysocki*, 607 F.3d at 1108—that a servicemember chose to enter into a settlement agreement can be important evidence that he thought the agreement was worth more to him than the claim. But that determination must depend on the totality of the circumstances, not on the fact of the agreement alone. Here, those circumstances included that Ward was aware of his USERRA claim and represented by counsel when he entered into the settlement agreement. But Ward also

testified that the agreement was presented to him on a "take it or leave it" basis, potentially akin to an adhesion contract; and he testified that he had been out of work for 18 months when he entered into it. **On this record, a reasonable jury could find that Ward's decision to enter into the agreement reflected a considered decision on his part, or instead that it reflected only desperation. The issue whether Ward believed benefits from the settlement agreement outweighed his USERRA claim is therefore one for a jury to decide**. The district court's judgment is vacated, and **the case is remanded for proceedings consistent with this opinion.**

98 F.4th at 693 (emphasis added).

The only logical reading of this opinion is that a jury trial must be held on the single USERRA waiver issue as addressed in the opinion. This is further reinforced by Judge Clay in his dissenting opinion:

> **As to the remaining motions [*sic* issues] on appeal, which remain pending after resolution of the waiver issue, I would conclude that the district court correctly affirmed the jury's verdict and damages award.** I would therefore affirm the district court's judgment in its entirety. For those reasons, I respectfully dissent.

*Id.* at 699 (Clay, J., dissenting) (emphasis added). Nothing in *Ward I* suggests anything about retrying the jury's findings as to liability, damages and willfulness. Quite the opposite, they remained "pending after the resolution of the waiver issue." *Id.* As such, the remand was limited to determining the single issue of Shelby County's affirmative defense of USERRA waiver.

Further, the district court properly conducted an accurate analysis of the remand and held that the remand was limited to the issue of the USERRA waiver defense. *See* Separate Trial Order, RE 219 at PageID 3395–3405, stating in pertinent part:

> The language of the remand itself is not limiting, as it only requires that future proceedings are "consistent with this opinion." This language, however, must be read in the context of the rest of the Sixth Circuit's decision. The Sixth Circuit only discussed the defense of waiver in the current case, and it only identified one issue of fact related to this defense for a jury to decide. The question is therefore whether the absence of any other discussion provides "context" that limits the remand to this defense. […]
>
> If the Sixth Circuit intended to issue a general remand in this case, it presumably would have discussed any arguments the parties raised as to liability, damages, and willfulness. Assuming *arguendo* the Sixth Circuit would issue a general remand without discussing every issue, the question becomes why it here chose to work backwards, start with an affirmative defense, and not address the underlying cause of action afterwards. No authority suggests that it would.
>
> The Sixth Circuit's analysis demonstrates that it intended to limit remand to only the affirmative defense of waiver, particularly whether such waiver was based on careful consideration of its merits.

*Id.* at PageID 3405 (citations omitted).

As discussed by the district court in making its decision to separate trial, *Ward I* contains absolutely no reference whatsoever to other issues on appeal, *i.e.*, "**any**

**arguments the parties raised as to liability, damages, and willfulness**." *Ibid.*
(emphasis added).

Shelby County itself acknowledged these same facts to the district court arguing that it "stated five (5) issues on appeal to the Sixth Circuit" and "[t]he Sixth Circuit, however, did not reach or rule on the County's arguments as to the remittitur/new trial issues in its opinion. "**Instead, the Sixth Circuit limited its Opinion to a discussion of Plaintiff's waiver of his USERRA rights**." Response to Reinstate, RE 272 at PageID 3920 (emphasis added). Indeed, the district court also found that, "[if] the Sixth Circuit intended to issue a general remand in this case, it presumably would have discussed any arguments the parties raised as to liability, damages, and willfulness" or "would addressed alternative arguments that it instead deemed unnecessary." Separate Trial Order, RE 219 at PageID 3405 (citation omitted). The district court was correct in determining that this Court's "analysis demonstrates that it intended to limit remand to only the affirmative defense of [USERRA] waiver, particularly whether such waiver was based on careful consideration of its merits." *Ibid.*

> **2.  Shelby County's arguments to the district court regarding a general remand missed the mark.**

Shelby County's only arguments to the trial court were: (1) that in "the absence of an explicit limitation, the remand order is presumptively a general one."; and (2) "that the absence of any Sixth Circuit ruling on other issues does not itself

limit the scope of remand." Separate District Order, RE 219 at PageID 3404 (*citing* Response Br. 215 at PageID 3387–88). Shelby County's arguments are flawed because they ignored the basic tenants of applying the mandate rule, *i.e.,* to examine those questions "necessarily decided on appeal" to "determine whether and how the court of appeals intended to limit a remand" without reading the parts "out of context." *See Hanover Ins. Co.*, 105 F.3d at 312; *Scott,* 377 F.3d at 570; *Campbell*, 168 F.3d at 266–267.

**First**, Shelby County ignored the plain facts that it admitted and which the trial court based its decision upon: (1) by Shelby, "[t]he Sixth Circuit, however, did not reach or rule on the County's arguments as to the remittitur/new district issues in its opinion" *i.e.,* (by the district court) "any arguments the parties raised as to liability, damages, and willfulness"; and (2) by Shelby County, "[i]nstead, the Sixth Circuit limited its Opinion to a discussion of Plaintiff's waiver of his USERRA rights" Response to Reinstate, RE 272 at PageID 3920. The district court agreed: "[t]he Sixth Circuit's analysis demonstrates that it intended to limit remand to only the affirmative defense of [USERRA] waiver." Separate Trial Order, RE 219 at PageID 3405. The district court was correct because the mandate rule applies to the issues in this case that were "necessarily decided" and "squarely decided" in an "earlier appeal." *Perkins*, 91 F. App'x at 374. Where, as here, **both** Shelby County and the district court clearly identified the same exact limits of this Court's decision

on remand, then clearly the district court correctly determined "what part of this court's mandate [was] intended to define the scope of [the] subsequent proceedings." *See Campbell*, 168 F.3d at 266.

**Second**, Shelby County merely recycled these same exact arguments (with nothing more) in its motion for judgment as matter of law or new trial. *See* Order Denying JMOL, RE 277 at PageID 4027–29 (citing Response Br., RE 273-1 at PageID 3939–40) ("Defendant incorporates the same arguments from its Response to Motion for Separate Trial."). Accordingly, the district court properly held that it had "no reason to deviate from its earlier analysis" in its Separate Trial Order. *Id.*

### C. The district court did not abuse its discretion in determining that Shelby County bore the burden of proof as to whether Mr. Ward waived his USERRA rights.

This Court reviews evidentiary rulings for an abuse of discretion, *United States v. Humphrey*, 279 F.3d 372, 376 (6th Cir. 2002), which will lead to reversal only if the error interferes with substantial justice. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 382 (6th Cir. 1997); *see also* Fed. R. Civ. P. 61. Black letter law establishes clearly that "as the party asserting the affirmative defense[], [Defendant bears] the burden of proof…" *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 284 (6th Cir. 2018). Further, as discussed by this Court in its Order on Remand, "[f]ederal law controls the validity of a release of a federal cause of action." *Ward I*, 98 F.4th at 691 (citing *McClellan v. Midwest*

*Machining, Inc.*, 900 F.3d 297, 302-03 (6th Cir. 2018)). "Accordingly, the party seeking to enforce a waiver of [USERRA] rights should bear the burden of proving knowing and voluntary consent." *Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 438 (7th Cir. 1997). The district court did not abuse its discretion in clarifying that the burden of proof was correctly placed on Shelby County.

### 1. Shelby County's tardy attempt to shift the burden of proof.

On the eve of the second trial Shelby County filed its motions *in limine*, and for the first time argued that it should not bear the burden of proving its affirmative defense of a USERRA waiver. Motion, RE 232 at PageID 3475. Mr. Ward opposed the new theory as improper for a motion *in limine*. Opposition Brief, RE 235 at PageID 3508–09. Rather than address the new theory in its order on motions *in limine*, the district court addressed it by a separate order. Burden of proof Order, RE 246.

Specifically, the district court properly held that "as the party asserting the affirmative defense, [Shelby County bears] the burden of proof. . . ." *Id*. at PageID 3558 (citation omitted). The district court also discussed the two requirements of the USERRA waiver defense that Shelby County must prove: (1) that the Release encompassed the USERRA claim; and (2) that the benefits under the Release were more beneficial than Plaintiff's USERRA claim. *Id.* (citing *Ward I*, 98 F.4th at 692). The district court then went on to correctly explain this Court's ruling in *Ward I* that,

after determining that the release agreement encompassed USERRA claims, there is a "second requirement . . . that the agreement 'establish[]' rights that are 'more beneficial' for the service member than the ones he gives up". *Id.* (citing *Ward I*). The court then noted that the "only question of fact on remand is this second inquiry of whether "[Plaintiff] believed benefits from the [Release] outweighed his USERRA claim." *Id.* (citing *Ward I*). "Defendant still has the burden of proof on this second requirement." *Id.*

On the other hand, Shelby County argues in this appeal, as it did below, that the burden of proof on its affirmative defense shifted to Mr. Ward simply by establishing the mere existence of a signed waiver document. *Id.* at PageID 3557 (citing Motion in Limine, RE 232 at PageID 3475); First Brief at 32. Shelby County invokes dicta from the concurring opinion in *Wysocki v. IBM*, 607 F.3d 1102 (6th Cir. 2010), but the district court rejected that argument: "Defendant's *Wysocki* argument is unavailing because of this second component of its affirmative defense. *See Ward*, 98 F.4th at 692. In *Wysocki*, the shifting of the burden of proof to plaintiff occurred after the defendant satisfied **both requirements** of the affirmative defense." Order, RE 246 at PageID 3558 (emphasis added).

Furthermore, Shelby County's argument that the burden of proof shifted to Mr. Ward merely by virtue of establishing the ***mere existence of an alleged agreement*** is contrary to the law of this case. First Brief at 3 ¶3; 16 ¶3. Namely,

*Ward I* held that the determination of whether an agreement was more beneficial or not "must depend on the totality of the circumstances, **not on the fact of the agreement alone**." 98 F.4th at 693 (emphasis added). There is no error of law in the district court's Order Clarifying Evidentiary Burden for Shelby County's affirmative defense of USERRA waiver.

> **2. Shelby County's latest argument about its burden of proof is contrary to what it said in the prior appeal and what it represented to the district court.**

In this appeal, Shelby County contends that the "district court erred in its allocation of the burden of proof." First Brief, § IV at 32. However, the district court afforded Shelby County exactly the relief that the County advocated for in their first appeal. Moreover, Shelby County admitted to the district court that the burden of proof for an affirmative defense is properly allocated to Shelby County. For these reasons alone, the district court did not abuse its discretion.

> **a. Shelby County's argument in the prior appeal.**

At the inception of this case, Shelby County asserted an affirmative defense to Mr. Ward's USERRA discrimination claims that "Plaintiff's claims are barred to the extent Plaintiff has waived and/or released them." Answer, RE 48 at PageID 354–56. That affirmative defense was dismissed at summary judgment and was the sole issue addressed by this Court in its Order on remand. *Supra.* Notably, in the prior

appeal, Shelby County explicitly advocated for an unfettered opportunity to present

the jury with its evidence to establish its waiver defense, arguing:

> "The **County should have been able to put on proof at trial to substantiate its affirmative waiver defense,** and the jury should have been tasked with determining if Ward waived his USERRA claim." (22-6054 Brief, Dkt. 17 at PageID 31) (emphasis added);

> "[T]he County should have *at least* been allowed to submit proof on all the foregoing to the jury at trial to let the fact finder determine whether Ward knowingly waived his USERRA rights." (22-6054 Reply, Dkt. 30 at PageID 17 (emphasis in original);

> "The district court erred in not allowing **the County to present to a jury evidence** that Ward decided for himself that the conditions of his Release were favorable enough for him to choose to waive his own USERRA rights." (*Id.* at PageID 28) (emphasis added).

This Court ruled in favor of Shelby County in the prior appeal, and the County

was afforded a broad opportunity to present its evidence of an alleged USERRA

waiver to the jury. Having prevailed on that appeal and granted a new trial on its

affirmative defense of waiver, Shelby County should now be estopped from

switching its position on its burden of proof. *See Hampshire v. Maine*, 532 U.S. 742,

749 (2001) ("where a party assumes a certain position in a legal proceeding, and

succeeds in maintaining that position, he may not later assume a contrary position

simply because his interests have changed.").

### b. Shelby County's representations to the district court.

After the trial on Shelby County's affirmative defense, the County asked the district court to revisit the burden of proof issue in its Motion for a New Trial. RE 273-1 at PageID 3940–41. The court correctly noted that Shelby County was simply repeating its previously rejected *Wysocki* argument and denied the same because Shelby County offered nothing new to demonstrate any error of law. Order Denying JMOL, RE 277 at PageID 4030–31 ("Like its argument on remand, Defendant repeats its earlier arguments."). The Court went on to discuss the related burden of proof jury instruction:

> To the extent Defendant may argue Jury Instruction II(A), which placed the burden of proof on Defendant, is incorrect, that argument is unavailing because Defendant as not shown a serious or clear error in the Court's decision on the burden of proof.
>
> **Indeed, Defendant specifically agreed it bore the burden of proof**.

*Id*. (citing the June 11, 2024 hearing transcript) *infra*. The district court did not abuse its discretion when it relied upon the representations of Shelby County's counsel at the hearing on Mr. Ward's motion to separate the trial.

The record is clear, the court directly asked Shelby County whether it agreed that the County has the burden of proof on its waiver defense.

> THE COURT: Okay. Who else could be a possible witness on the limited issue of whether or not there was a waiver?

> **And of course, defense counsel, you agree you've got the burden on that; is that right?**
>
> **MR. LEIBOVICH: Yes, Your Honor.**
>
> **THE COURT: Okay. So the defense has the burden.** So I want to get -- who are you going to put on?

Hearing Trans., RE 274 at PageID 3970–71, ln. 20:2.

Further, at that June 11, 2024, hearing the court granted Shelby County's request for additional discovery, setting a supplemental 40-day Rule 26(A)(1) disclosure deadline, and allowed limited depositions, without objection from Mr. Ward. Text Order, ER 216. However, Shelby County failed to take additional discovery or depositions. Mr. Ward further spent months preparing for trial based on those representations and the order of trial issued by the district court. In opposition to Shelby County's post-trial motion, Mr. Ward argued that Shelby County should be estopped from attempting to reverse its pre-trial representations to the Court and Mr. Ward. Response, RE 276 at PageID 4012–13. The district court agreed. Order Denying JMOL, RE 277 at PageID 4030–31. The district court did not abuse its discretion by relying on Shelby County's representations, and Shelby County's arguments to the contrary are without merit.

### 3. Shelby County's novel argument about Tennessee contract law was never presented to the district court.

Now, for the first time on appeal, Shelby County attempts to argue that "[t]he burden of proof lies with parties trying to avoid a contract on the grounds of duress

under Tennessee law." Brief at PageID 32–33. Shelby County never presented this argument below. *Compare* Motion in Limine, RE 231 at PageID 3470; Order on Motions in Limine, RE 247 at PageID 3567; Motion for JMOL, RE 273 at PageID 3940–41. Rather, Shelby County's only argument to the district court was that the district court's decision was contrary to the dissent in the *Wysocki*, 607 F.3d 1102. *Id.* Accordingly, Shelby County forfeited this new argument because it did not raise it before the district court. *See Colonial Life Accident Ins., Co. v. Estate of Stewart*, 819 F. App'x 318, 321 (6th Cir. 2020) ("This court does not consider issues raised for the first time on appeal."); *J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991) (same). These rules help ensure that the issues properly examined on review are actually the issues that were decided upon in the lower court. Thus, Shelby County's contract arguments are not properly before this Court.

Assuming *arguendo*, that Shelby County's novel arguments may be considered in this appeal, Shelby County's reliance on dicta from *Wysocki*, and its new reliance on general Tennessee contract law arguments, are without merit. **First**, "[f]ederal law controls the validity of a release of a federal cause of action." *Ward I*, 98 F.4th at 691 (citing *McClellan*, 900 F.3d at 302-03. **Second**, as clearly stated in *Ward I*, USERRA supersedes any state law, and "[s]pecifically, as applied to a settlement agreement, the Act requires that the agreement "establish[]" rights that

are "more beneficial" for the servicemember than the ones he gives up. 98 F.4th at 692. This heightened standard for waiver of USERRA rights clearly supersedes general state law principles that would reduce or eliminate a servicemembers rights. *See* 38 U.S.C. § 4302. Further, applying general state law principals unrestrained by the specific USERRA waiver provisions would render 38 U.S.C. § 4302(b) toothless, and would render both of this Court's decisions in *Wysocki* and *Ward I* irrelevant.

**4.    The district court did not err in overruling Shelby County's objections to the jury instructions II(A) (about the burden of proof) or IV(F) (about USERRA employment rights).**

It is the well-settled law of this Circuit that "[o]ur inquiry into jury instructions is limited to whether, taken as a whole, the instructions adequately inform the jury of the relevant considerations and provide the jury with a sound basis in law with which to reach a conclusion." *McCombs v. Meijer, Inc*., 395 F.3d 346, 357 (6th Cir. 2005) (citation omitted). "We will reverse a judgment based on inadequate jury instructions only 'if the instructions, viewed as a whole, were confusing, misleading and prejudicial.'" *Williams v. Eau Claire Pub. Sch.,* 397 F.3d 441, 445 (6th Cir. 2005) (citation omitted). Further, juries are presumed to follow an instruction absent an "overwhelming probability" the jury will be unable to follow the instruction. *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) ("We normally presume that a jury will follow an instruction […] unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, … and a strong likelihood that the

effect of the evidence would be 'devastating' to the defendant."); *United States v. Ford*, 872 F.2d 1231, 1239 (6th Cir. 1989).

> **a.  Burden of proof and consideration of the evidence, (Instruction II. A).**

At trial, Shelby County objected only in part (bolded below), to the court's general instruction. The whole instruction reads:

> ### A. Burden of Proof and Consideration of the Evidence
>
> I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the theories in the case.
>
> When a party denies the material allegations of the other party's claims, the law places upon the party bringing a claim the burden of supporting and making out each element of each claim by the greater weight or preponderance of the evidence. **Defendant, Shelby County, has the burden of proof in this case. Shelby County has a duty to prove or establish its defense that Plaintiff Ward believed the benefits from the settlement agreement outweighed his USERRA rights by a preponderance of the evidence.**
>
> The preponderance of the evidence means that amount of factual information presented to you in this trial which is sufficient to cause you to believe that an allegation is probably true. In order to preponderate, the evidence must have the greater convincing effect in the formation of your belief. If the evidence on a particular issue appears to be equally balanced, the party having the burden of proving that issue must fail.
>
> Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, i.e., it requires more proof than a preponderance

of the evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

Unless otherwise instructed, you must consider al all the evidence pertaining to every issue, regardless of which party presented it.

Jury Instructions, RE 260 at PageID 3615; Objection, RE 252 at PageID 3573.

In this appeal, Shelby County briefly argues that the instruction was wrong because, "[r]equiring Shelby County to shoulder the burden of persuasion was a clear error of law that resulted in a trial that was fundamentally unfair to Defendant." First Brief at 33. Each of Shelby County's arguments related to the burden of proof are fully addressed above (§ II C, 1 – 3), and for each of those reasons the district court did not err in instructing the jury as to Shelby County's burden of proof.

### b. USERRA employment rights (instruction IV(F)).

Shelby County objected to the district court's instruction regarding USERRA Employment Rights. Objections, RE 252 at PageID 3576. The instruction reads:

F. USERRA Employment Right

In **determining whether [Plaintiff] believed the benefits** from the settlement agreement outweighed his USERRA claim, you may consider, **among other things**, **how the reinstatement position offered to [Plaintiff] in the agreement compared to his prior employment with [Defendant]**. The right to reinstatement under USERRA requires that the employment offered be equivalent in terms of proper seniority, position, status, pay, and lost benefits. Under USERRA, [Plaintiff] was not obligated to accept an inferior position.

Jury Instructions, RE 260 at PageID 3636 (emphasis added).[2] In its motion for a new trial, Shelby County challenged this instruction arguing that it: (1) "prejudiced Defendant by setting out an objective standard by which the jury could value the agreement and determine personally whether the Agreement provided rights more beneficial than those under USERRA"; and (2) "the language involving reinstatement rights was "inappropriate and prejudicial" because it was irrelevant." Order Denying JMOL, RE 277 at PageID 4032–33. The district court correctly rejected these arguments and held:

> (1) the instruction does not set out an 'objective standard,' on how the jury may value the Agreement. Rather, it specifically focuses on what Plaintiff believed and how the jury may consider Plaintiff's brief"; and (2) the instruction "does not include 'irrelevant language,'" regarding reinstatement rights. Defendant argues reinstatement rights are only applicable upon completion of service, not as part of a settlement agreement. Defendant, however, ignores the fact that reinstatement was a specific part of the Agreement.

---

[2] Notably, Shelby County stipulated to this instruction in the first trial. Jury Instruction L, RE 154 at PageID 30, was agreed upon by the parties as an additional instruction to Defendant's mitigation defense based 38 U.S.C. § 4302(b). H.R. Rep. No. 103-65, pt. 1, at 39 (1993) *as reprinted in* 1994 U.S.C.C.A.N. 2449, 2472 (stating that "a veteran does not waive his or her rights under [USERRA] by refusing an offer of reemployment with extends anything less than full statutory guarantees, including proper seniority, position, status and pay and lost benefits"); *c.f. Stevens v. Tenn. Valley Auth.,* 699 F.2d 314, 316 (6th Cir. 1983).

*Id.* at PageID 4033 (citing *Ward I*, 98 F.4th at 691). The district court also correctly went on to point out the "**comparison between his reinstatement under the Agreement and his reinstatement pursuant to his USERRA rights** would correctly factor in the '**totality of the circumstances**' analysis for waiver." *Id.* (emphasis added) (citing *Ward I*). In sum, the district court followed the directions of this Court in *Ward I* and drew directly from that decision to prepare the jury instructions.

The district court was correct for other reasons, too. **First**, this instruction clearly focuses the jury on determining *whether Mr. Ward believed* the benefits from the agreement outweighed his USERRA claim; not what the jury may have believed about the agreement at the time of trial. Which corresponds directly with the facts Shelby County presented at trial regarding the right to reinstatement that Mr. Ward understood at the time.

> BY MR. LEIBOVICH:
>
> Q. I'm going to hand you a document that is Bates stamped on the bottom right SC00258 and 00259. **Is that the document you gave to Human Resources?**
>
> A.     Yes**.**
> . . . .
>
> BY MR. LEIBOVICH:
>
> Q. This is the document that we're talking about that I'm putting up here, sir. This is the first page**. It just explains that service members have rights under USERRA, that**

> **employers have obligations under USERRA. Is that accurate?**
>
> A. Yes.

Trial Trans, RE 270 at PageID 3693–94, ln. 10:2 (emphasis added). The exhibit Shelby County invoked clearly discusses proper reinstatement, accumulation of seniority including pension plan benefits, and protection from discrimination. *Ibid.* The instruction is absolutely consistent with this Court's decision and the evidence Shelby County proffered and argued at trial. In closing, Shelby County repeatedly argued:

> What's relevant is whether Mr. Ward, at the time he signed it, ***felt that he was getting benefits that outweighed his USERRA rights***.

RE 271 at PageID 3858, ln. 15–19 (emphasis added).

> The question is: Did he, at the time he signed the Agreement, ***believe he was gaining benefits in excess of his rights and that reinstatement*** coming immediately?

RE 271 at PageID 3858, ln. 1–9 (emphasis added).

In other words, Shelby County argued that when Mr. Ward signed the agreement, he knew the law, and he *believed* the agreement was a better job than what he *believed* he was entitled to under USERRA. Shelby County cannot now argue that it offered Mr. Ward reinstatement in satisfaction of his termination claim, but try to ignore or conceal what Mr. Ward believed his rights were under USERRA at the time. *Ward I*, 98 F.4th at 693. Further, Shelby County cannot now complain

that Mr. Ward "knew the law," but that the jury instruction which reflects both the law and facts the County put forth at trial regarding reinstatement under USERRA is somehow objectionable. Anything less would have only confused the jury and ultimately required supplemental instructions. The district court did not error in overruling Shelby County's objection after Shelby County presented that evidence at trial.

**Second**, contrary to Shelby County's arguments, the jury instruction on USERRA "**Employment Rights**" **(**Instruction IV(F)**)** is based on the heightened waiver standards within 38 U.S.C. § 4302, as stated in this Court's remand and the case law and legislative history of § 4302. The instruction clearly states, "[i]n determining whether Mr. Ward believed the benefits from the settlement agreement outweighed his USERRA claim, you may consider, **among other things**, how the reinstatement position offered to Mr. Ward in the agreement compared to his prior employment with Shelby County." RE 260 at PageID 3636 (reformulating *Ward I,* 98 F.4th at 693) (emphasis added). It is not based upon the **"reemployment"** provisions scheme laid out in 38 U.S.C. § 4312. In fact, § 4312 contains no mention at all regarding requirements of proper reinstatement; it is a procedural scheme which sets forth the notice and timeliness requirements imposed on a servicemember to be promptly reemployed. And, as noted above, Shelby County also agreed to this instruction in the first trial. It should not now be allowed to change its position.

**5. The instructions read as a whole are not confusing, misleading, or prejudicial.**

Shelby County also ignores the fact that the parties further agreed to the other jury instructions which set out exactly the standard enunciated by this Court for an effective waiver of USERRA rights. When read as a ***whole*** these instructions clearly set forth the facts to be proved and the applicable law.

A. <u>Statement of the Case</u>

Before I instruct you on the specific provisions and factors you are to consider under the laws alleged to have been violated in this case, I want to frame the issues that you will be called upon to decide. Plaintiff Sedric Ward alleges that Shelby County suspended him without pay and terminated his employment as a result of a Shelby County investigation of all military service member employees' use of military leave. While his appeal of his termination was pending, Mr. Ward signed an Agreement and General Release. Under the terms of the Agreement, Ward dismissed his appeal, would return to work and be on probation for the six months following his return, and would receive three weeks of back pay.

Defendant Shelby County contends that Mr. Ward waived his rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA). Defendant contends this waiver occurred because at the time the Agreement was executed, Mr. Ward believed that the Agreement's benefits outweighed his potential USERRA claim.

Mr. Ward contends that, at the time he signed the Agreement and General Release, he did not believe that the Agreement benefits outweighed his potential USERRA claim.

Jury Instruction, RE 260 at PageID 3628. The parties stipulated to this instruction.

### B.  Nature of the Action

Defendant Shelby County contends that Mr. Ward waived his USERRA **rights because at the time the Agreement as executed, Mr. Ward believed that the Agreement's benefits outweighed his potential Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim.**

Mr. Ward denies that he had such a belief.

*Id.* at PageID 3632 (emphasis added). The parties stipulated to this instruction.

### C. Brief Statement of the Law

The sole issue of the case is whether Mr. Ward waived his USERRA rights. In order to prevail on this issue, Shelby County has the burden of proving by a preponderance of the evidence that, **under the totality of the circumstances at the time the agreement was executed, Plaintiff Mr. Ward believed benefits from the Agreement and General Release outweighed his USERRA claim**.

*Id.* at 3633 (emphasis added).

### E. USERRA Rights Waiver

The Uniformed Services Employment and Reemployment Rights Act (USERRA) is a law that protects military service members' employment rights. The law contains special provisions regarding how service members may waive their USERRA rights. Specifically, as applied to a settlement agreement, which we have in this case, USERRA requires that the settlement agreement establish rights that are more beneficial for the servicemember than the ones he gives up under USERRA. **To satisfy the waiver requirements the servicemember must make a**

49

> **considered judgment that the agreement is more
> beneficial to him than his USERRA claim is. Thus,
> whether a particular settlement agreement provides
> greater benefits than a USERRA claim is for the
> servicemember to decide. But that determination must
> depend on the totality of the circumstances, not on the
> facts of the settlement agreement alone.**

*Id.* at PageID 3635 (emphasis added) (reformulating *Ward I,* 98 F.4th at 693). The

parties stipulated to this instruction.

Nothing in the ***whole*** of these instructions supposes any objective standard for

the jury to evaluate -- let alone leads to confusion or prejudice. The instructions

specifically state that consideration of what the servicemember believed **at the time**

is based on the **totality of the circumstances** and **not the agreement alone**. To be

valid, Shelby County's objective standard argument requires that one must presume

the jury followed a parsed and irrational reading of the instruction (as argued), and

then the jury went on to ignore all the court's other instructions. As discussed above,

juries are presumed to follow their instructions unless there is an overwhelming

probability they were unable to follow the instructions. There is simply no evidence

of that here.

## III.    Appeal No. 23-5912, the first trial attorney's fees

### A.    The judgment is not moot and the *Smith* case does not indicate otherwise in Mr. Ward's case.

This Court instructed the parties to address whether the appeal in case No. 23-

5912 is moot. Briefing Sched., Dkt. 45 (referencing *In re Smith,* 876 F.2d 524, 527

(6th Cir. 1989)). Shelby County argues it is moot. First Brief at 34. However, the County's reliance on *Smith* is misplaced because the case does not address the issue of mootness whatsoever. *Infra.*

*Smith* presented the question of whether a party that lost following an appeal remained entitled to an earlier award of sanctions or prevailing party costs and fees. *Id.* at 524. This Court reviewed a district court's **reversal** of "the bankruptcy court's denial of the motion for rehearing" and applied the general rule that "when a judgment is reversed on appeal, any taxation of costs is also automatically vacated." *Id.* at 527 (citing with approval *Furman v. Cirrito*, 782 F.2d 353, 355-56 (2d Cir. 1986)). However, the circumstances, prevailing party status, and the rule as applied in *Smith*, are clearly distinguished from this case, which is far more analogous to the ruling in *Furman*.

For example, while the *Furman* court held that "[w]hen a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated", it discussed in detail the correct procedure and rules that are directly analogous to Mr. Ward's circumstances in this appeal. *Id.*

> A parallel situation plainly exists when the Supreme Court reverses a circuit court order, which included an award of costs to the then successful appellee, and awards costs for the Supreme Court litigation to the now prevailing appellant. The award of costs by the circuit court must be vacated and costs awarded to the now successful appellant

for appeals on both the circuit and Supreme Court levels,
as well as for costs incurred in the district court.

*Id.* (citing Third Circuit analysis). *Furman* went on to analyze the same situation we have with the appeals in Mr. Ward's case. "It is often sound policy, of course, to wait until a controversy is finally decided on the merits before awarding costs, and to then determine who is the 'prevailing party,' instead of judging that issue piecemeal at each stage of the litigation." *Id* at 356.

Furthermore, when a verdict is upheld following a subsequent appeal, the fee award is proper and must stand. *See Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994) ("Defendants acknowledge that a prevailing plaintiff generally is entitled to attorneys' fees …. [but] ask to have the fee award vacated if the plaintiff loses on appeal to this court. Since we uphold the verdict today [on a subsequent appeal], then, the fee award is proper, the plaintiff remains a prevailing party, and the fee award must stand.").

Here, although this Court may have ***vacated*** (not reversed) Mr. Ward's prior judgments by ruling in the prior appeal, they are not moot. Further, Mr. Ward also prevailed on the merits in the district court following that remand. Thus, he will properly remain as the prevailing when the pending appeals (23-5912, 25-5433, 25-5663) are resolved in his favor by this Court.

**B.  The judgment is not moot because the case has not been fully adjudicated, and Mr. Ward has a concrete interest in the outcome of this litigation.**

As this Court previously stated in this case: "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *See* Appeal No. 25-5433, Dkt. No. 28 (citing *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). "A case becomes moot when the parties no longer have 'a personal stake' or 'concrete interest' 'in the outcome of the litigation' such that we cannot 'grant any effectual relief' to whoever prevails." *McGhee-Twilley v. Corecivic of Tenn., LLC*, No. 24-5707, 2025 U.S. App. LEXIS 14297, at *5 (6th Cir. June 9, 2025) (citation omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Patton v. Fitzhugh,* 131 F.4th 383, 392-93 (6th Cir. 2025) (citation omitted). "The heavy burden of demonstrating mootness rests on the party claiming mootness. *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530-31 (6th Cir. 2001) (citation omitted).

**1.  Mr. Ward easily overcomes the mootness test.**

The appeal of the first trial attorney fees is not moot when, as here, Mr. Ward retains a personal stake in the final outcome of this litigation such that this Court may grant him effective relief. Indeed, there are three pending appeals, including Mr. Ward's request to reinstate the prior judgments. Further, there is no dispute that

Mr. Ward prevailed at both trials on the merits. Now that the USERRA waiver issue raised in the prior appeal has been rectified, nothing in the prior appeal changes Mr. Ward's legal interests, nor this Court's ability to grant him the relief he seeks. Mr. Ward's interest in that relief remains intact, and thus, the appeal of his attorney fees cannot be moot. *Patton,* 131 F.4th at 392-93; *McPherson v. Mich. High Sch. Athletic Ass'n.,* 119 F.3d 453, 458 (6th Cir. 1997). Moreover, because nothing in the first trial judgment for attorney fees can change at this point, it should be left intact, just as Shelby County appealed it. The fees and cost motion was fully litigated, judgment was entered and that judgment was appealed. Repeating the same motion practice that cannot change, and returning here again on appeal, is wasteful.

### 2. Shelby County failed to carry the heavy burden of demonstrating mootness.

Shelby County argues that "[t]he general remand essentially revoked the underlying judgment and obviated Ward's status as a prevailing party." First Brief at 35. However, nothing in Shelby County's appeal addresses or even attempts to analyze the question of mootness. Further, Shelby County ignores Mr. Ward's entitlement to fees and costs as a prevailing party under 38 U.S.C. § 4323(h), when he obtains a favorable resolution by this Court in the pending appeals. A "prevailing party" is a party who succeeds "on *any* significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Monroe v. FTS USA, LLC*, 17 F.4th 664, 672 (6th Cir. 2021) (citation omitted). Put simply, when Mr. Ward

prevails on these appeals, he is entitled to his fees and costs from the first trial (and thereafter by separate motion in the district court following this appeal), which is exactly what the parties agreed to at the completion of the second trial. *Infra.*

**C.** **Shelby County fails to mention its multiple motions to keep its attorney fees appeal held in abeyance, and its request to hold post-trial briefing deadlines until after the attorney fees appeal is decided by this Court.**

Shelby County cannot be allowed to hold its attorney fees appeal in abeyance for years -- and also have the district court extend deadlines until after the attorney fee appeal is decided in this Court -- and then, turn around and argue the case is moot. Shelby County should be estopped from switching their position. *See Hampshire*, 532 U.S. at 749 ("where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not later assume a contrary position simply because his interests have changed."). Indeed, while Shelby County appealed this attorney fee award in October 2023 (NOA, RE 208), it has sought years of abeyances awaiting the district court's resolution of the underlying merits issues, and the present appeals. COA No. 23-5912, Dkt. Nos. 21 – 40.

Specifically, Shelby County has repeatedly requested and has been granted relief such that "this matter be placed in abeyance pending the conclusion of post-trial motions and/or appeals in the underlying case from the [district court]." Dkt. No. 35 at 1. "Furthermore, due to the posture of this case, there is the possibility that the award of attorney fees could be eliminated or altered following the ultimate

conclusion of the substantive issues in the District Court case." *Id.* at 3. These continuous abeyances were requested because "[d]epending on the rulings of the District Court on post-trial motions, the parties may request that the Sixth Circuit consolidate this appeal with the parallel appeal/appeals regarding the other issues in this case." *Id.* Further, during the same time, the parties jointly requested the district court to extend any and all deadlines to file motions for post-trial relief "until 45 [] days after the Sixth Circuit [] issues its respective mandates for **the pending appeal on costs and fees (No. 23-5912)**, as well as Defendant's anticipated appeal of "JUDGMENT ON REMANDED ISSUE" . . . ." *Id.* (emphasis added). The district court granted that motion. Order, RE 269 at PageID 3655. ("The deadlines to file motions for post judgment relief are thus STAYED until 45 days after the Sixth Circuit issues its respective mandates for both the pending appeal on costs and fees and Defendant's anticipated appeal."). *Id.* This Court should reject Shelby County's inconsistent and ever changing legal positions.

**D.    This Court should affirm the district court's award of attorney fees and costs because the district court did not abuse its discretion.**

This Court "review[s] the award for an abuse of discretion. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). Shelby County makes only two arguments in its appeal that it actually made to the district court below: (1) compliance with the local rules; and (2) the reasonableness of time used

in the lodestar. Response, RE 201 at PageID 3254; and 3258. The third assignment of error in this appeal regarding reasonableness of the fee rate was not raised below and is not properly before this Court. *See Colonial Life & Accident Ins., Co.*, 819 F. App'x at 321 ("This court does not consider issues raised for the first time on appeal.").

**First**, Shelby County argues that the district court "[e]rred in finding that Ward effectively supported his request for attorney fees with appropriate affidavits" as required by Local Rule 54.1(b)(2). *Compare* First Brief at 36 – 44. That Local Rule simply requires that, among "any other factors that the Court should consider in making the award" a motion for attorney fees should also be supported by at least "an affidavit or declaration of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services." *Ibid*.

In this case, Mr. Ward secured the affidavits of three attorneys, two prominent local attorneys, and a nationally recognized attorney and author of the USERRA manual. Watson Decl., RE 193-9; Timmons Decl., RE 193-11; and Piscitelli Decl., RE 193-10. All three attorneys opined that the results obtained by Mr. Ward were exceptional given *inter alia*, the length of the case, its litigiousness, and the imbalance of resources between the parties. *Id.* On the other hand, Shelby County produced no affidavits and otherwise failed to support its opposition with anything

other than unsupported argument. Response, RE 201. The district court readily disposed of Shelby County's argument and held in pertinent part:

> While compliance with the local rules is important, the Court finds Defendant's arguments unconvincing in light of the public policy benefits advanced by civil rights litigation. *See generally* *City of Riverside*, 477 U.S.at 562; *Curby*, 216 F.3d at 556.

Order, RE 206 at PageID 3336. The district court did not abuse its discretion, particularly in light of the Local Rule 1.1(e), which grants the district court broad discretion in applying the local rules: "By order entered in any case, the Court may deviate from any provision of any Local Rules of this Court, when appropriate for the needs of the case and the administration of justice." The trial judge further addressed Shelby County's argument regarding the sufficiency of the affidavits:

> As the Defendant points out, the Watson (ECF No. 193-9) and Timmons (ECF No. 193-11) affidavits only meet the "in the community" requirement, while the Piscitelli affidavit (ECF No. 193-10) only meets the "similar services requirement" of the Local Rule. (ECF No. 201 at PageID 3255 – 3258.) However, "Plaintiff very reasonably had to search far and wide for a qualified USERRA litigator." (ECF No. 193-9 ¶ 9.) Furthermore, Plaintiff, "whose sister is a local attorney, was unable to secure USERRA representation from a Memphis attorney." (ECF No. 193 at PageID 3112.) Thus, it would be difficult, if not impossible, for the Plaintiff to find counsel that fulfills both requirements of Rule 54.1(b)(2).
>
> Considering how difficult it appears to have been to find counsel that fulfills both requirements of Rule 54.1(b)(2), the three affidavits are sufficient to fulfill the goals of this Rule.

Order, RE 206 at PageID 3336–37. This reasoned decision does not reflect any abuse of discretion.

**Second**, Shelby County argues that the district court "erred by finding that Ward's documentation of time and expenses met the requisite standards for specificity and relevance. *Compare* First Brief at 34–44; *and* Response, RE 201 at PageID 3258 ("The Motion should be dismissed as Plaintiff has not supported his request for attorney fees with the requisite affidavits."). The district court systematically addressed each of Shelby County's complaints regarding time entries and found them to be without merit. For example:

> Defendant, however, fails to proffer any evidence that these entries were improperly included or related to a proceeding other than the instant case.
>
> The Court has reviewed the pertinent billing entries both on the Jarrard Bill and the Mitchell Bill. Neither filing contains any entry indicating that it should not be billed to the instant case. [] Because Defendant fails to proffer any proof for the alleged double billing, the Court will not strike any of the individual billing entries from before 2020.

Order, RE 206 at PageID 3340–41.

> Defendant asserts that the Jarrard Bill contains multiple instances of vague charges because the charges contain question marks. [] The Court does not find this argument persuasive. The entries clearly indicate that they are emails between the Plaintiff's attorneys [], or the entries contain more detailed notes following the question marks . . .

Order, RE 206 at PageID 3342.

> Defendant argues without authority that it "would be unreasonable to allow a party to bill for more time in preparing for trial than was actually necessary to complete the trial itself." [] Trial preparation tends to be arduous and lengthy, and often exceeds the length of the trial itself. The Court therefore will not strike the trial preparation entries in the Hutchinson Bill.

Order, RE 206 at PageID 3342–43.

In sum, the district court ultimately made a modest reduction in hours for a client meeting over dinner, but found the remainder of Shelby County's argument were without merit. On appeal, Shelby County simply repeats the same unsupported arguments it made to the district court. The trial judge did not abuse his discretion.

**Third**, for the first time on appeal, Shelby County attempts to challenge Mr. Ward's attorney fees rate of $550 as improper. First Brief at 40 ("The only support for Ward's preferred rate comes from Attorney Piscitelli, an attorney who practices in a jurisdiction with no obvious similarities to the Memphis market."). Shelby County's new argument has no merit because all three attorneys opined that Mr. Ward's hourly fee request was reasonable. Watson Decl., RE 193-9 at PageID 3200; Timmons Decl., RE 193-11at PageID 3214; and Piscitelli Decl., RE 193-10 at PageID 3206.

Further, as discussed by the trial judge, Shelby County did not raise the issue of the fee amount below.

> In the present motion Plaintiff seeks an hourly rate of $550.00. (Id. at PageID 3113.) **Defendant presented no**

> **specific arguments regarding reasonable fees, outside
> of the already addressed Local Rule 54.1(b)(2)
> argument**. See supra III(A)(2). Considering factors such
> as degree of skill, experience, and reputation required to
> litigate USERRA cases, the Court agrees that a fee of
> $550.00 per hour is appropriate, while acknowledging that
> such fee is on the higher end of the range of fees this Court
> has granted. *See e.g.*, *Monroe v. Fts USA, LLC*, No. 2:08-
> cv-02100-JTF-cgc, 2020 U.S. Dist. LEXIS 263139, at *24
> (W.D. Tenn. Oct. 13, 2020) (holding that counsel's $500 -
> $600 hourly rates were reasonable13, 2020).

Order, RE 206 at PageID 3337 (emphasis added). Accordingly, to the extent this

Court would entertain new issues for the first time on appeal, the district court had

ample support for its determination for the reasonableness of Mr. Ward's hourly

attorney fee award, and therefore did not abuse its discretion.

**Fourth**, Shelby County requests that this Court reverse the district court's

award of cost and fees arguing that, "reimbursement of travel or lodging for Ward's

attorneys as such expenses are not contemplated in the USERRA. 38 U.S.C.A. §

4323(h)(l)." First Brief at 43. However, as properly recognized by the district court,

USERRA allows the prevailing plaintiff to recover all reasonable litigation

expenses. The district court did not abuse its discretion in finding:

> Finally, Defendant argues that USERRA does not allow
> Plaintiff's attorneys to recoup their costs, because 38
> U.S.C. Section 4323(h)(1) states that **"[n]o fees or court
> costs may be charged or taxed against any person
> claiming rights under this chapter."** (Id. at PageID
> 3267.) **Defendant is not a "person claiming rights
> under [the USERRA]** chapter." 38 U.S.C. § 4323(h)(1).
> Therefore, this prohibition does not apply.

Order, RE 206 at PageID 3343 (emphasis added). Accordingly, this Court should affirm the district court's award of fees and costs for the first trial, and reinstate the judgement effective September 15, 2023, the date it was entered below.

## CONCLUSION

For each of the foregoing reasons, Mr. Ward prays that this Court will: (1) reverse the district court's order denying Ward's Motion to Reinstate his prior judgements (No. 25-5663); (2) affirm the trial court's judgment following the second trial (No. 25-5433); and (3) affirm the award of attorney fees from the first trial (No. 23-5912).

Respectfully submitted,

*/s/ Thomas G. Jarrard*
THOMAS G. JARRARD
LAW OFFICE OF THOMAS JARRARD, PLLC
1020 N Washington Street
Spokane, WA 99201
(425) 239-7290

*/s/ John Paul Schnapper-Casteras*
JOHN PAUL SCHNAPPER-CASTERAS
SCHNAPPER-CASTERAS PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 630-3644

*/s/ Robert W. Mitchell*
ROBERT W. MITCHELL
ATTORNEY AT LAW, PLLC
1020 N. Washington
Spokane, WA 99201
(509) 327-2224

*Attorneys for Appellee*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because this brief contains 15,132 words excluding the parts of the brief exempted by Local Rule 32(b). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times font.


Date: January 2, 2026                    */s/ Thomas Jarrard*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants are registered CM/ECF users and will be served by the CM/ECF system, including:

R. JOSEPH LEIBOVICH
JASEN M. DURRENCE
Assistant County Attorneys
Shelby County Attorney's Office
160 N. Main Street, Suite 950
Memphis, Tennessee 38103

Date: January 2, 2026                    */s/ Thomas Jarrard*

**ADDENDUM**
**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Record | Description | Page ID ## |
|--------|-------------|------------|
| 21 | Scheduling Order | 108 |
| 193-9 | Watson Declaration | 3200 |
| 193-10 | Piscitelli Declaration | 3206 |
| 193-11 | Timmons Declaration | 3214 |
| 201 | Response Brief | 3254, 3258 |
| 206 | Order | 3336-43 |
| 208 | Notice of Appeal | |
| 213 | Motion to Separate Trial | 3376-80 |
| 219 | Separate Trial Order | 3395-3405 |
| 268 | Motion to Reinstate | |
| 231 | Motion in Limine | 3470 |
| 232 | Motion | 3475 |
| 235 | Opposition Brief | 3508-09 |
| 246 | Order on Burden of Proof | 3558 |
| 247 | Order on Motions in limine | 3567 |
| 252 | Objections | 3573 - 3576 |
| 260 | Jury Instruction | 3615, 3628, 3632-36 |
| 269 | Order on Deadlines | 3655 |
| 270 | Trial Transcript | 3693-94, 4032-33 |
| 271 | Trial Transcript | 3858 |

| 272 | Response to Reinstate | 3920, 3922-26 |
|---|---|---|
| 273-1 | Response Brief | 3939–41 |
| 274 | Hearing Trans June 11, 2024 | 3953-61, 3970–71 |
| 276 | Response Brief | 4012-13 |
| 277 | Order Denying JMOL | 4027-29, 4032–33 |
| 278 | Notice of Appeal | |
| 282 | Order Denying Reinstatement | 4041-44 |
| **Trial Exhibits** | | |
| 1 | USERRA Fact Sheet | |